UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CATHERINE BELLANCA,<br><br>                    Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | Case No. 3:13-cv-05453-KLS<br><br>ORDER REVERSING AND<br>REMANDING DEFENDANT'S<br>DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of her application for disability insurance benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be reversed and this matter should be remanded for reevaluation of the opinions of consultative examiner Tasmyn Bowes, Psy.D., and plaintiff's mental health therapist Jeanne LeBlanc, LMHC.

FACTUAL AND PROCEDURAL HISTORY

On June 20, 2011, plaintiff protectively filed an application for Title II disability insurance benefits, alleging disability as of July 15, 2010, due to multiple physical and mental impairments including bipolar affective disorder and knee, foot and back pain. See Administrative Record ("AR") 193-94, 228-37. Plaintiff's application for benefits was denied

ORDER - 1

upon initial administrative review and on reconsideration. See AR 132-38, 141-46.  A hearing was held before an administrative law judge ("ALJ") on October 31, 2012, at which plaintiff, represented by counsel, appeared and testified, as did Steve Duchesne, a vocational expert. See AR 44-95.

On November 21, 2012, the ALJ issued a decision in which plaintiff was determined to be not disabled. See AR 18-43.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on April 26, 2013, making the ALJ's decision defendant's final decision. See AR 1-6; see also 20 C.F.R. § 404.981, § 416.1481.

On June 16, 2013, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision. See Dkt. No. 3.  The administrative record was filed with the Court on September 11, 2013. See Dkt. No. 10.  The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for reconsideration of the entire record, because the ALJ erred: (1) in evaluating the medical opinion evidence in the record; (2) in discounting plaintiff's credibility; (3) in evaluating the opinion evidence of other medical sources in the record; and (4) in finding plaintiff to be capable of performing other jobs existing in significant numbers in the national economy.  The undersigned agrees that the ALJ erred in determining plaintiff to be not disabled, but, for the reasons set forth below, finds that while defendant's decision should be reversed, this matter should be remanded for further administrative proceedings.

## DISCUSSION

The determination of the Commissioner of Social Security (the "Commissioner") that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been

ORDER - 2

applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

ORDER - 3

I. <u>The ALJ's Evaluation of the Medical Evidence in the Record</u>

Plaintiff argues the ALJ erred by improperly rejecting the medical opinion of consultative psychologist Tasmyn Bowes, Psy.D.  Dkt. No. 12, pp. 11-15; AR 33-34, 761-71.  Dr. Bowes evaluated plaintiff at the request of the Social Security Administration approximately six months prior to the ALJ hearing.  AR 761-71.  The ALJ rejected Dr. Bowes' opinion that, in a work setting, plaintiff's performance anxiety would likely cause plaintiff to become overwhelmed, distracted and anxious by demands or expectations that she function efficiently and with sufficient speed.  AR. 33-34, 770.  Dr. Bowes further opined that plaintiff, with continued mental health treatment, could likely return to a low stress job within 6 to 24 months.  AR. 33-34, 770. Dr. Bowes' opinion is significant because the ALJ did not include limitations in the residual functional capacity determination ("RFC") regarding plaintiff's ability to sustain competitive work in a setting where employees are expected to perform efficiently and with sufficient speed. AR 26.  Although the RFC limited plaintiff to low stress work, the ALJ defined low stress work as "only occasional superficial interaction with the general public and co-workers." AR 26, 90. The ALJ's definition of low stress work did not include any limitations regarding employer demands or expectations of an employee's pace or perseverance.  AR 26.

Substantial evidence does not support the ALJ's rejection of Dr. Bowes' opinion.  The ALJ offered two reasons to reject the opinion of Dr. Bowes: (1) Dr. Bowes did not adequately consider whether plaintiff would be able to meet the demands and expectations of a job less demanding than nursing, and (2) Dr. Bowes was not a vocational expert and "did not have the opportunity to consider low stress work [plaintiff] could perform within [plaintiff's] residual functional capacity."  Ar. 34.  Neither of these reasons are a specific and legitimate reason

ORDER - 4

supported by substantial evidence necessary to reject the testimony of an examining doctor. Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995); Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983)).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).

The first reason offered by the ALJ, that Dr. Bowes did not consider whether plaintiff would be able to perform a job less demanding than nursing, is contradicted by Dr. Bowes prognosis that plaintiff would not be able to return to even low stress work without additional mental health treatment:

> [Plaintiff] has a long history of being able to return to work given time and support. It is likely that with continued mental health treatment [plaintiff] will experience an increase in functioning capacity and be able to return to a <u>low stress job</u> within the next 6 month-2 years (as per her history).

AR 770 (emphasis added). As such, the first rationale offered by the ALJ for rejecting Dr. Bowes' opinion is not supported by substantial evidence.

The second reason offered by the ALJ, that Dr. Bowes is not a vocational expert, is not a legitimate reason for rejecting the medical opinion of an acceptable medical source. Although Defendant does not specifically concede this error, the Commissioner's failure to defend this

ORDER - 5

rationale is notable. Dr. Bowes acted within her purview as medical consultant when she offered an opinion regarding the limitations arising from plaintiff's performance anxiety.

These errors are significant as neither the RFC nor any of the hypothetical questions posed to the VE included limitations regarding the ability to perform competitive work in a setting where employees are expected to function efficiently and with sufficient speed. AR 26, 86-95. As such, it is not possible to discern from the testimony given by the VE whether these additional limitations are accommodated by plaintiff's past work or any of the other jobs relied on by the ALJ at step five of the sequential evaluation. See Embrey v. Bowen, 849 F.2d 418, 422-23 (9th Cir. 1988) (finding a vocational expert's testimony must be reliable in light of the medical evidence to qualify as substantial evidence). For this reason, the ALJ's finding at step five is also not supported by substantial evidence. Embrey, 849 F.2d at 422-23. The ALJ did not offer specific and legitimate reasons supported by substantial evidence to reject the opinion of Dr. Bowes.

II.     The ALJ's Evaluation of the Opinion Evidence of Other Medical Sources in the Record

Plaintiff also argues the ALJ erred in rejecting the opinion evidence of Jeanne LeBlanc, LMHC, a licensed mental health therapist who treated plaintiff for over 20 years. Dkt. No. 12, pp. 20-22. Specifically, Ms. LeBlanc wrote two letters, the first in 2011 and the second in 2013, that the Commissioner failed to consider and weigh. AR 632-36, 905-09. Ms. LeBlanc opines in these letters that plaintiff "is unable to tolerate low level stress without becoming overwhelmed and exhausted." AR 635, 906. Ms. LeBlanc bases this limitation on plaintiff's presentation of symptoms related to post traumatic stress disorder and plaintiff's report that she is unable to tolerate any pressure to perform an activity in a consistent manner from one hour to the next. AR 635, 906.

ORDER - 6

Pursuant to the relevant federal regulations, in addition to "acceptable medical sources," there are "other sources," such as nurse practitioners, therapists and chiropractors, who are considered other medical sources.  See 20 C.F.R. § 404.1513 (d); see also Turner v. Comm'r of the Soc. Sec. Admin., 613 F.3d 1217, 1223-24 (9th Cir. 2010) (citing 20 C.F.R. § 404.1513(a), (d)); Social Security Ruling "SSR" 06-3p, 2006 WL 2329939 at *2.  Evidence from "other medical" sources, can demonstrate "the severity of the individual's impairment(s) and how it affects the individual's ability to function." See SSR 06-3p, 2006 WL 2329939 at *2.

The Social Security Administration has recognized that with "the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not 'acceptable medical sources,' . . . have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists." Id. at *3. Therefore, opinions from other medical sources are important and should be evaluated on key issues such as impairment severity and functional effects." Id.

Relevant factors when determining the weight to be given to an other medical source include:

> How long the source has known and how frequently the source has seen the individual; How consistent the opinion is with other evidence; The degree to which the source present relevant evidence to support an opinion; How well the source explains the opinion; Whether [or not] the source has a specialty or area of expertise related to the individuals' impairments(s), and Any other factors that tend to support or refute the opinion.

SSR 06-3p, 2006 WL 2329939 *4-5. In addition, the fact "that a medical opinion is from an 'acceptable medical source' is a factor that may justify giving that opinion greater weight than an opinion from a medical source who is not an 'acceptable medical source' because  . . . 'acceptable medical sources' 'are the most qualified health care professionals." Id. at *5. However, "depending on the particular facts in a case, and after applying the factors for

ORDER - 7

weighing opinion evidence, an opinion from a medial source who is not an 'acceptable medical source' may outweigh the opinion of an 'acceptable medical source,' including the medical opinion of a treating source." Id. at *5.

An ALJ may disregard opinion evidence provided by other sources, "if the ALJ 'gives reasons germane to each witness for doing so." Turner, 613 F.3d at 1224 (quoting Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001)); see also Van Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996). This is because in determining whether or not "a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." Stout v. Comm'r of the Soc. Sec. Admin., 454 F.3d 1050, 1053 (9th Cir. 2006) (citing Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993); 20 C.F.R. §§ 404.1513(d)(4) and (e), 416.913(d)(4) and (e)).  In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision. Lewis v. Apfel, 236 F.3 at 512.  The ALJ also may "draw inferences logically flowing from the evidence." Sample, 694 F.2d at 642.

The Commissioner concedes that the ALJ failed to properly reject Ms. LeBlanc's opinion but, citing Molina v. Astrue, 674 F.3d 1104, 1118-19 (9th Cir. 2012), argues this error was harmless because Ms. LeBlanc's opinion was contradicted by the opinion of state agency reviewing psychologist John H. Robinson, Ph.D., which the ALJ properly credited. Dkt. No. 13, pp 9-10; AR 97-109. The undersigned disagrees.  Dr. Robinson's opinion is silent on the specific limitations addressed by Ms. LeBlanc, namely, plaintiff's ability to tolerate low level stress without becoming overwhelmed and exhausted and the impact performance expectations would

have on plaintiff's ability to persist in a work setting.[2]

Although Dr. Robinson reviewed the evidence of record in 2011, he did not review the 2012 evaluation completed by Dr. Bowes, who, like Ms. LeBlanc, linked plaintiff's performance anxiety to the trauma plaintiff experienced while working as an army nurse. AR 97-109, 770. For these reasons, the undersigned cannot conclude that the ALJ's failure to properly reject Dr. La Blanc's opinion was harmless error.

Further, this is not an instance where the Court "can confidently conclude that no reasonable ALJ, when fully crediting the testimony [of Ms. LeBlanc], could have reached a different disability determination." See Stout, 454 F.3d at 1056. As discussed above, Ms. LeBlanc, although not an acceptable medical source for purposes of diagnosing a mental impairment, regularly treated plaintiff for over 20 years. How long a source has known and how frequently the source has seen a claimant are relevant factors in considering opinions from other medical sources. SSR 06-3p, 2006 WL 2329939 *4-5 (ruling that the factors identified in 20 CFR 404.1527(d) for evaluating the opinion evidence of acceptable medical sources also apply to the consideration of opinions from other sources). If Ms. LeBlanc's testimony regarding plaintiff's limitations were fully credited, a reasonable ALJ could conclude that plaintiff's impairments precluded her from performing even low stress work. See Stout, 454 F.3d at 1056 (holding that the ALJ's failure to consider lay witness testimony about claimant's limitations was not harmless error where a reasonable ALJ could find that such limitations would preclude gainful employment). The undersigned therefore finds that reversal is warranted based on the

---

[2] The closest Dr. Robinson comes to addressing the limitations opined by Ms. LeBlanc, is Dr. Robinson's opinion that plaintiff may have occasional difficulty sustaining fast paced work. AR 107. Although the ALJ gave significant weight to the opinion of Dr. Robinson, it is notable that the ALJ did not include any limitations regarding plaintiff's pace or perseverance in the RFC, even those opined by Dr. Robinson. See AR 26, 34.

ORDER - 9

ALJ's failure to provide germane reasons supported by substantial evidence to reject Ms. LeBlanc's opinion.

III.   This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292.  Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted).  Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001).  Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Here, further proceedings are necessary to reassess the opinion evidence of Dr. Bowes and, if necessary, obtain additional vocational expert testimony regarding the impact of the limitations opined by Dr. Bowes on plaintiff's ability to sustain competitive employment.   Further proceedings are also needed to assess the opinion evidence of plaintiff's long time mental health therapist Ms. LeBlanc.  On remand, the ALJ may wish to consider ordering the treatment records

ORDER - 10

of Ms. LeBlanc.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

DATED this 6th day of May, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER - 11